UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRUMENCIO ORTEGA,<br><br>              Plaintiff,<br>v.<br><br>G.E. GASGONIA (Correctional Officer),<br><br>              Defendant. | Civil No.06cv1738-BEN(NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY LOCATION OF DEFENDANTS ADDRESS**<br><br>[Doc. No. 15] |

On August 25, 2006, Plaintiff, proceeding *pro se*, filed a complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, in which he alleges that Defendant G.E. Gasgonia, a correctional officer formerly employed at R. J. Donovan Correctional Facility in San Diego, California, injured him with a projectile fired from a block gun during the course of disciplining another inmate. (*Complaint*, 3.) On November 6, 2006, a summons was issued and Plaintiff attempted to serve Gasgonia with his complaint via U.S. mail at his work address at R. J. Donovan prison [Doc. No. 2]. The attempt was not successful and on April 25, 2007, presiding District Judge Benitez set an Order to Show Cause Hearing regarding dismissal of this case based on Plaintiff's failure to serve Gasgonia with the summons and complaint within 120 days of the complaint's filing date pursuant to Rule 4(m) of the Federal Rules of Civil Procedure [Doc. No. 5]. On May 14, 2007, Plaintiff sought leave of court for an extension of time in which to effect service on Gasgonia, stating that he mistakenly believed that service had been accomplished via U.S. mail [Doc. No. 7]. Judge Benitez granted Plaintiff's request, as well as a second request, and Plaintiff had until August 20, 2007 to serve Gasgonia with the summons and complaint

[Doc. Nos. 8 & 11].  On August 24, 2007, Judge Benitez once again set an Order to Show Cause Hearing regarding dismissal of the case, due to Plaintiff's failure to serve Gasgonia [Doc. No. 13].  As of the date of this Order, Gasgonia has not been served properly with the summons and complaint and is not a party to the case.  Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to perfect personal service on each defendant.  *See* FED. R. CIV. P. 4(e)(2).  Because he is not proceeding *in forma pauperis* in this action, Plaintiff remains responsible for serving Gasgonia.

On September 5, 2007, Plaintiff filed the instant motion [Doc. No. 15], seeking an order of the Court compelling the warden of R. J. Donovan to reveal the location of Gasgonia so that he can be served with the summons and complaint.  Plaintiff states that on July 20, 2007, the San Diego Sheriff's Civil Office attempted service on Gasgonia at R. J. Donovan, at which time they were informed that Gasgonia has not been employed at R. J. Donovan for months.  (*Plaintiff's Declaration in Support of Motion to Compel* ¶ 4.)  Plaintiff argues that the only way he can obtain Gasgonia's current location is through a court order compelling the information from Robert J. Hernandez, the warden at R. J. Donovan during the time period the events detailed in the complaint occurred.  (*Id.* ¶ 7.)

The Court notes that Plaintiff's motion potentially could be construed as a response to Judge Benitez's Order to Show Cause [Doc. No. 13], which states that this case will be dismissed absent a showing by Plaintiff of good cause for failing to serve Gasgonia.  However, to the extent that the Court construes Plaintiff's request literally as a discovery motion, the motion is **DENIED**.  Discovery in this case has not yet commenced and the motion is procedurally inappropriate at this time.  Further, the request is without any legal basis and cannot be ordered.  Plaintiff currently is the only party to this case.  Robert J. Hernandez, from whom Plaintiff seeks information regarding Gasgonia's current location, is not a party to this case and the Court has no jurisdiction to compel any information from him.

**IT IS SO ORDERED**.

DATED: September 18, 2007

*Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge